# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# 1:17-cv-00937

| | |
|---|---|
| LIVE FACE ON WEB, LLC, <br><br> Plaintiff, <br><br> vs. <br> ABSONUTRIX, LLC <br> and HIMANSHU NAUTIYAL, <br><br> Defendants. | Civil Action <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Live Face on Web, LLC, through its undersigned counsel, for its Complaint against the Defendants listed above, alleges as follows:

**I.  THE PARTIES**

1. Plaintiff, Live Face on Web, LLC ("LFOW" or "Plaintiff"), is a Pennsylvania limited liability company with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

2. Upon information and belief, Defendant Absonutrix, LLC ("Absonutrix"), is a North Carolina limited liability company with its principal place of business at 4701 Ridgefall Road, Greensboro, North Carolina.

3. Upon information and belief, Defendant Himanshu Nautiyal ("Nautiyal" and, together with Absonutrix, the "Defendants"), is a resident of North Carolina and member of Absonutrix.

4. Upon information and belief, Nautiyal owned and/or controlled Absonutrix, and co-owned, controlled, and managed along with Absonutrix the subject website at issue here, and thus Nautiyal and Absonutrix should be jointly and severally liable for any and all of such

Complaint – Page 1

Defendants' improper or unlawful acts that caused harm and loss to LFOW, as more fully described herein.

5. Upon information and belief, at all relevant times hereto, Nautiyal had the right and ability, and exercised the right and ability, to supervise and control the infringing activity complained of in this action and had a direct financial interest in such activities. By way of example and not limitation, upon information and belief, Nautiyal: (i) co-owned the subject website at issue in this action with Absonutrix; (ii) procured and caused Absonutrix to pay for the infringing software; (iii) directed that, and controlled how, the infringing software be placed on the subject website at issue here; (iv) monitored, supervised and controlled the installation and operation of the infringing software on the subject website at issue here; and (v) received a direct and/or indirect personal financial benefit from the increased revenues and/or profits resulting from the infringement of LFOW's rights on the subject website at issue here.

## II. JURISDICTION AND VENUE

6. This action arises under the U.S. Copyright Act (17 U.S.C. §501 et seq.), and thus this Court has federal question jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. As fully set forth herein, Defendants have used, copied and distributed LFOW's software and/or infringing derivative works thereof, which is the subject of a U.S. Copyright Registration.

8. This Court has personal jurisdiction over the Defendants because the Defendants have conducted business in, and have had continuous and systematic contacts with, the State of North Carolina and this District.

9. This Court has personal jurisdiction over Nautiyal because, upon information and belief, he is a resident of Guilford County, North Carolina, who is conducting business in and having continuous and systematic contacts with the State of North Carolina and this District.

10. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a), in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Defendants are located in this District.

### III. PLAINTIFF'S BUSINESS AND COPYRIGHTED TECHNOLOGY

11. LFOW is a developer and owner of "live person" software, which is an original work of authorship independently created by LFOW ("LFOW Software").

12. The LFOW Software allows a company to display a video of a "walking" and "talking" personal host who introduces a website to an online visitor. The personal host is, in effect, a website spokesperson for the specific company for whom the video has been created. Typically, the website spokesperson explains a company's products and/or services and directs a visitor's attention to a particular product or aspect of the website. The LFOW Software is representative of LFOW's advertising idea; LFOW (and its customers) advertise services and solicit business through the use of a website spokesperson, which is typically tailored to specific goods and services found on the associated website.

13. The LFOW Software enables a company to customize and dynamically modify settings and functionality of the website spokesperson. By way of example, a customer utilizing the LFOW Software can: (a) manipulate the positioning of the website spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the website spokesperson's presentation; (c) select the number of times a video presentation plays for each particular visitor;

Complaint – Page 3

and (d) select "click on me" functionality that directs a user to a predetermined page or section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

14. The LFOW Software seeks to enhance a website by using a real spokesperson to capture, hold and prolong the attention of the average online visitor, enhancing the ability of the website to advertise specific goods and services. This technique has a direct positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

15. Generally speaking, the LFOW Software can be implemented by LFOW's customers by modifying the HTML code of the LFOW customer's website. An HMTL script tag is embedded in the HTML code of the LFOW customer's website, which links the LFOW customer's website to a copy of the LFOW Software. An LFOW customer has the option of storing the copy of the LFOW Software on the same webserver(s) as the customer's website, or storing the copy of the LFOW Software on a different webserver(s) than the website. Many of LFOW's customers choose to have the copy of the LFOW Software stored on LFOW's webservers.

16. Regardless of the particular webserver(s) where the LFOW Software is stored, the functionality and result is the same. When a web browser is directed to a website linked to the LFOW Software, the embedded HTML script tag is read by the web browser and causes the automatic distribution of a copy of the LFOW Software. The LFOW Software is automatically saved by the web browser into cache, and/or a hard drive(s), and loaded into computer memory and/or RAM (random access memory). As a result of the distribution of the LFOW Software, the specific website spokesperson video is automatically launched and displayed to advertise on the associated website.

Complaint – Page 4

Case 1:17-cv-00937-UA-LPA   Document 1   Filed 10/17/17   Page 4 of 12

17. The LFOW Software is licensed to customers for a license fee by LFOW, which also receives fees for other services.

18. The LFOW Software is also subject to the terms and conditions of LFOW's End User License Agreement ("EULA"). Since at least October 2007, LFOW has included the web address where the EULA can be found, thus anyone who accessed any version of the LFOW Software since that time had notice of the EULA.

19. LFOW has registered the LFOW Software. Pertinent to this action, on December 20, 2007, LFOW duly registered the copyright in the LFOW Software version 7.0.0, prior to the publication of version 7.0.0, in the United States Copyright Office, as evidenced by the Certificate of Registration for TXu001610441, which was issued by the Register of Copyrights. A true and accurate copy of the Certificate of Registration is attached hereto as **Exhibit A1**, and a true and accurate copy of the deposit work for TXu001610441 is attached hereto as **Exhibit A2**.

## IV. DEFENDANTS' COPYRIGHT INFRINGEMENT

20. Defendants own, operate and/or control the website http://www.absonutrix.com/ ("Defendants' Website"). By way of example, a copy of the HTML source code for the Defendants' Website http://www.absonutrix.com/ is attached hereto at **Exhibit B**.

21. Defendants' Website advertises and promotes the products and/or services of Defendants.

22. Upon information and belief, Defendants have used a website spokesperson video to promote their products and/or services.

23. Upon information and belief, in order to display the website spokesperson video on Defendants' Website, Defendants used, copied and distributed, without permission, the infringing version of the LFOW Software, thereby infringing upon LFOW's rights in its copyrighted work.

24. Upon information and belief, Defendants have the right and ability to modify Defendants' Website or to have Defendants' Website modified on their behalf.

25. Upon information and belief, to implement and distribute the infringing version of the LFOW Software, the Defendants' Website was modified by or on behalf of Defendants to include the following website source code and/or text in respect to Defendants' Website which is shown on **Exhibit B** hereto:

http://tweople.com/client/ip_player.js?swf=http://tweople.com/client/new_main.swf&amp;flv=http://flash.yourvideopartner.com/complete/1176a.flv&amp;start=normal&amp;close=shrink&amp;play_when=1&amp;align_right=false&amp;show_loading=yes&amp;width=480&amp;height=360&amp;vlm=99&amp;x_off=166.

26. This modification links the Defendants' Website to the file "ip_player.js", which is an infringing version of the LFOW Software, which was stored for Defendants on the webserver(s) for www.tweople.com. A copy of "ip_player.js" is found at **Exhibit C**.

27. The modifications to Defendants' Website are specific to the Defendants, referring specifically to a JavaScript file with "ip_player.js" and programmed to link to the Defendants' own advertising videos (i.e., "1176a.flv") and provide unique display parameters, such as the width (480) and height (360) for the display of Defendants' advertising videos, along with various other playback options to the Defendants.

28. As a result of the modifications to the Defendants' Website referenced above, when a web browser retrieves a page from the Defendants' Website, a copy of the infringing version of the LFOW Software is distributed by Defendants to the website visitor and stored on the visitor's computer in cache, memory and/or its hard drive. Accordingly, each visit to the Defendants' Website is a new act of copyright infringement.

Complaint – Page 6

29. The infringing versions of the LFOW Software (e.g. shown at **Exhibit C)** is substantially and strikingly similar to the LFOW Software, and include one or more instances of "LFOW," which is a reference to LFOW. The infringing versions of the LFOW Software also include the unique prefixes "lf_," which were arbitrarily chosen by LFOW to mark its code and indicate LFOW's unique and original code. There is no functional value to the use of the letters "LFOW" or "lf_" in the LFOW Software. Instead, these were both chosen as references to LFOW and its code.

30. The website spokesperson video that launches on Defendants' Website is a result of Defendants' distribution of the infringing version of the LFOW Software, which advertises and promotes the products and/or services of Defendants, encouraging the website viewer to purchase and/or use Defendants' products and/or services, thereby providing a monetary benefit to Defendants. Thus, Defendants' copyright infringement of the LFOW Software is in their advertising, and the infringement is for the purpose of advertising Defendants' products and/or services.

31. Defendants intended for a copy of the infringing version of the LFOW Software to be distributed to website visitors in their advertising, as this is necessary for the video spokesperson to appear on the screen of the website visitor. The volitional distribution of the infringing version of the LFOW Software by Defendants to their website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson advertising Defendants' products and/or services by virtue of receiving the copy of the infringing version of the LFOW Software.

32. Defendants profited directly from and had a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allowed Defendants to more effectively promote and sell their products and/or services by capturing, holding and

Complaint – Page 7

Case 1:17-cv-00937-UA-LPA   Document 1   Filed 10/17/17   Page 7 of 12

prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image and reputation of Defendants.

33. The infringing version of the LFOW Software is a sales and advertising tool for Defendants to generate revenues and profits and, upon information and belief, the use and misuse of the infringing version of the LFOW Software by Defendants did in fact generate revenues and profits for Defendants, as more fully described herein.

34. Defendants unlawfully and continuously used the infringing version of the LFOW Software on Defendants' Website, for which Defendants did not pay applicable license fees and video production fees to LFOW.

35. The unlawful use, reproduction and/or distribution of the infringing version of the LFOW Software on the Defendants' Website constitutes infringement of LFOW's intellectual property rights, including, without limitation, LFOW's registered copyrighted material(s).

36. Upon information and belief, Defendants actively induced end users to visit Defendants' Website, and thereafter distributed the infringing version of the LFOW Software to end users (e.g. website visitors) numerous times. The actual number can only be ascertained through discovery.

37. Defendants have caused, enabled and/or facilitated the infringement by, inter alia, distributing copies of the accused software to each visitor via the Defendants' Website and refused to exercise their ability to stop the infringement made possible by the modification and continuous operation of Defendants' Website.

38. As a result of the foregoing conduct of the Defendants, LFOW has suffered significant harm and loss.

39. As the owner of the registered copyright in the LFOW Software, LFOW has an interest in protecting its rights against such copyright infringement.

40. Under the authority of 17 U.S.C. § 504, LFOW is entitled to recover its actual damages and disgorgement of profits of Defendants.

## COUNT ONE

### Copyright Infringement

41. LFOW incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

42. Count One is an action under 17 U.S.C. § 501 for direct, indirect and/or vicarious infringement of registered copyright(s) as against the Defendants named in this Complaint.

43. LFOW is the owner of valid copyright registration TXu001610441.

44. LFOW has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

45. The infringing version of the LFOW Software used and distributed by Defendants is at least substantially similar to the LFOW Software protected by TXu001610441.

46. Upon information and belief, at all relevant times hereto, Defendants registered, owned, and/or controlled the Defendants' Website.

47. Defendants, through their agent(s), vendor(s), officer(s), and/or employee(s), modified Defendants' Website to cause the copying, use and distribution of the infringing version of the LFOW Software.

48. The past and ongoing copying, use and distribution of the infringing version of the LFOW Software by Defendants results in actual damage to LFOW, including, but not limited to, the loss of licensing revenue as a result of Defendants' infringement.

49. Defendants intentionally induced and/or encouraged direct infringement of the LFOW Software by distributing the infringing version of the LFOW Software via Defendants' Website and/or seeking out the LFOW Software in order to use it on Defendants' Website.

50. Defendants profited from and had a direct financial interest in the infringement, because the use of the infringing version of the LFOW Software allowed Defendants to more effectively promote and sell Defendants' product(s) and/or service(s) on Defendants' Website by capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or brand, public image and reputation of Defendants.

51. Because Defendants own, operate and/or control Defendants' Website, Defendants also have the right and ability to supervise and control the infringement and infringer by virtue of their ownership and control of Defendants' Website, but failed to do so.

52. Unless Defendants are restrained and enjoined from their unauthorized use and distribution of the LFOW Software, these injuries will continue to occur.

53. Irreparable harm and injury to LFOW are imminent as a result of Defendants' conduct, and LFOW is without an adequate remedy at law.

54. Pursuant to 17 U.S.C. § 502(a), LFOW is entitled to an injunction restraining Defendants, and their employees and agents, and all other persons acting in concert with Defendants, from engaging in any further improper acts.

55. Pursuant to 17 U.S.C. §§ 503(a) and 503(b), LFOW is entitled to an order impounding the infringing articles and the means by which such infringing articles were produced and/or reproduced.

56. Pursuant to 17 U.S.C. § 504, LFOW is also entitled to recover actual damages and any profits of Defendants.

57. Pursuant to 17 U.S.C. § 505, LFOW is entitled to an award of attorneys' fees and costs.

WHEREFORE, LFOW asks this Court to enter preliminary and final orders and judgments as necessary to provide LFOW the following requested relief:

a) Finding Defendants jointly and severally liable for copyright infringement by virtue of Defendants' unauthorized use of LFOW's Software and/or infringing derivative works thereof;

b) Finding LFOW to have suffered, and to continue suffering, harm that is irreparable and otherwise without an adequate remedy at law;

c) A permanent injunction under 17 U.S.C. §§502 and 503, enjoining Defendants from further infringement, including, but not limited, to the cessation of operation of Defendants' Website;

d) An award of actual damages and disgorgement of profits against Defendants under 17 U.S.C. §504;

e) An award under 17 U.S.C. § 505 allowing recovery of the full costs of this action, including LFOW's reasonable attorneys' fees and costs; and

f) Such and other relief as the Court deems appropriate.

## JURY DEMAND

LFOW demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 17, 2017

By: /s/ William L. Hill
William L. Hill (NCSB #21095)
FRAZIER, HILL & FURY, R.L.L.P.
2307 W. Cone Blvd.
Suite 260
Greensboro, North Carolina 27402
Tel: (336) 378-9411
Fax: (336)-274-7358
whill@frazierlawnc.com

*Counsel for Plaintiff Live Face on Web, LLC*